UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW BOND,

   Plaintiff,

 v.

BOB CALDWELL AUTOMOTIVE, INC.,

   Defendant.

:

:

:

Case No. 2:23-cv-3522
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Bob Caldwell Automotive Inc. moves to dismiss Matthew Bond's Complaint. (ECF No. 3.) For the following reasons, the motion is **GRANTED**.

## I. FACTS[1]

During the relevant time, Mr. Bond worked as a desk manager for Defendant's car dealership in Columbus, Ohio. (Compl. ¶¶ 8, 10, ECF No. 1.) One of Mr. Bond's duties was working with a financing system known as "CAPS," which is a digital banking program Defendant used for financing customers with poor credit. (*Id.* ¶¶ 11–12.) Through CAPS, Defendant approved high interest rate loans and fees to finance customers' automobile purchases. (*Id.* ¶¶ 14–15.) Mr. Bond noticed that Defendant used the CAPS program for non-American customers only, and almost exclusively on Latino customers. (*Id.* ¶¶ 16, 19–20.) He complained about

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (citation omitted).

this practice to a coworker and said that he would not use the CAPS system. (*Id.* ¶ 17.) Mr. Bond refused to use the CAPS system for sales to Latino customers several times. (*Id.* ¶¶ 37, 39.)

In October 2022, Defendant's sales director asked Mr. Bond "what his problem was" with the CAPS system. (*Id.* ¶ 41.) Mr. Bond reiterated his belief that Defendant used the CAPS system in a discriminatory way. (*Id.* ¶ 42.) About a month later, Defendant fired Mr. Bond for two purported reasons: (1) Mr. Bond "had become increasingly negative about the way we do business here"; and (2) Mr. Bond refused to use the CAPS system. (*Id.* ¶ 49.)

Mr. Bond claims he observed Defendant treat Latino and other non-American customers worse than American customers in other ways. (*Id.* ¶¶ 26–36.) For example, Defendant segregated its sales representatives into Latino and non-Latino groups and treated the Latino group worse than the non-Latino group. (*Id.* ¶¶ 22–23.) Mr. Bond does not allege whether he reported any of these discriminatory practices other than the CAPS system. (*See generally*, *id.*)

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss[2] under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] Although titled a motion to dismiss, because Defendant has filed an Answer, the motion is more properly construed as a motion for judgment on the pleadings. In this case, the distinction makes little difference because a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

*Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Mr. Bond asserts the following claims: (1) retaliation in violation of 42 U.S.C. § 1981 ("Section 1981"); (2) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (3) retaliation in violation of Ohio Revised Code § 4112.02. (Compl. ¶¶ 56–87, ECF No. 1.) Defendant moves to dismiss all claims. (Mot., ECF No. 3.) The Court considers each claim in turn.

#### A. Section 1981

Section 1981 prohibits racial discrimination in contracting and covers claims of both discrimination and retaliation. *See* 42 U.S.C. § 1981; *CBOCS W., Inc. v.*

*Humphries*, 553 U.S. 442, 456-57 (2008). To state a claim for retaliation under Section 1981, a plaintiff must allege: (1) he engaged in protected activity; (2) his exercise of that activity was known by the defendant; (3) the defendant thereafter took an action that was materially adverse to them; and (4) there was a causal connection between the protected activity and the materially adverse action. *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019).

Section 1981 covers discrimination based on race; it does not cover discrimination based on national origin. *See El-Zabet v. Nissan N. Am., Inc.*, 211 F. App'x 460, 462 (6th Cir. 2006) ("Section 1981 prohibits only discrimination based on race."). Mr. Bond alleges that Defendant discriminated against "Latinos," customers of "Latino national origin," and "non-Americans," primarily of Mexican and Latin American backgrounds. (*E.g.*, Compl. ¶¶ 18–21, 58–60, ECF No. 1.) It is unclear whether Mr. Bond's retaliation claim is based on race or national origin. Because Mr. Bond has not clearly asserted what type of discrimination Defendant engaged in, he has failed to state a claim under § 1981.

### B. Title VII

Title VII protects employees from retaliation for engaging in Title VII-protected activities. 42 U.S.C. § 2000e-3(a). If an employee "opposes" any conduct prohibited by Title VII and, because of that opposition, suffers an adverse employment action, the employee may bring a Title VII retaliation claim. *Id.*

Mr. Bond fails to state a claim because he does not allege that he opposed a practice under Title VII. He complains that Defendant discriminated against

4

customers by using the CAPS systems with Latino customers only, not employees. However, Title VII protects *employees* from discrimination, not the general public. *See Downing v. Astrazeneca Pharms. LP*, No. 3:22-CV-00447, 2023 WL 4672411, at *2 (M.D. Tenn. July 20, 2023) ("Title VII does not apply to non-employees." (citation omitted)). While Mr. Bond alleges that Defendant also engaged in discriminatory behavior towards employees, none of his allegations indicate that he ever complained about *that* discrimination. Thus, he fails to allege that he opposed a practice prohibited by Title VII and fails to state a claim of retaliation under Title VII.

### C. Ohio Revised Code § 4112.02

Having dismissed Mr. Bond's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims. The United States district courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once a court has original jurisdiction over some claims in the action, it can exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). But supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726.

5

The Court finds that exercising supplemental jurisdiction over Mr. Bond's state law claims after dismissing the federal claims would not serve judicial economy, convenience, or comity, and therefore declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Mr. Bond's claim under Ohio Revised Code § 4112.02 is dismissed.

## IV. CONCLUSION

For these reasons, the motion to dismiss is **GRANTED**; Mr. Bond's claims are **DISMISSED WITHOUT PREJUDICE**. If Mr. Bond believes he can amend his Complaint to remedy the deficiencies outlined in this Opinion and Order, he may move for leave to amend **WITHIN FOURTEEN DAYS**. Mr. Bond is **CAUTIONED** that a failure to timely move for leave to amend will result in the Court closing the case without further warning.

The Clerk shall terminate ECF No. 3.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**